UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. MCPHERSON, | No. 2:23-cv-0811 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. GREENE, CCI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

1   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff seeks money damages based on defendants' failure to immediately unassign plaintiff from adult basic education class.  Plaintiff alleges the class was detrimental to plaintiff's health, causing him mental and emotional distress, apparently due to his vision problem.  Plaintiff alleges defendant Greene did nothing to take plaintiff out of the class and defendant Padelford, the counselor over Greene, could have stopped the situation, but apparently did not.  Plaintiff alleges that defendants Brown and Baldwin are responsible for caring for disabled inmates and

////

were aware of the problem before it started and while it was happening, and because they are familiar with ADA inmates, knew what plaintiff was going through from September onward.

<u>Attachments to the Complaint</u>

Plaintiff provided the following exhibits.

On September 13, 2022, plaintiff filed an inmate request for interview to the inmate assignment lieutenant asking to be taken out of education because he is legally blind and "trying to do schoolwork squinting really hurts me bad mentally." (ECF No. 1 at 19.)

On September 15, 2022, plaintiff wrote a request for interview to Lt. Kahn asking to be taken out of education because his eyes were "seriously hurting" while trying to do the class work; plaintiff is visually impaired and "it's messing with me mentally." (Id. at 21.)

On September 23, 2022, plaintiff filed a request for interview to the DPP Teacher asking to be removed from education because "squinting [his] eyes trying to do the class work is hurting [his] eyes badly, [and he] can't focus." (ECF No. 1 at 20.) Plaintiff wrote that squinting too much will case [him] permanent loss of vision." (<u>Id.</u>)

On September 28, 2022, plaintiff filed a reasonable accommodation request seeking to be unassigned from adult basic education II ("ABE II") or be left in ABE II and be paid for the pain he was suffering. (ECF No. 1 at 22.) Plaintiff stated that he is legally blind, could not see the schoolwork in class without squinting and hurting his eyes, and the equipment he was given for vision impairment does not help with plaintiff's pain, and the contacts he was given cuts his eyes so he doesn't wear them. (ECF No. 1 at 22.) On September 28, 2022, plaintiff also submitted a health care services request form asking to see Dr. Davis to be unassigned from ABE II because plaintiff's teacher said plaintiff's "vision is detrimental to plaintiff's health while in ABE II nothing works to stop [plaintiff's] squinting." (ECF No. 1 at 23.)

On October 6, 2022, a Reasonable Accommodation Panel ("RAP") meeting was held. (ECF No. 1 at 24.) Plaintiff is a DPV class member and steps have been taken to accommodate his request. Plaintiff is currently assessed at the CCCMS level of mental health care. (ECF No. 1 at 24-25.) Education interviewed plaintiff on October 4, 2022, during which interview he reported difficulty reading print material and anything taught on the SmartBoard in front of the

4

classroom; to attempt to read, he must squint and get close to the material which causes eye strain and headaches every day he attends class. (ECF No. 1 at 25.) The reasonable accommodations offered to date had not assisted plaintiff's vision impairment. While no additional mechanical accommodations were available, education noted they can provide one-on-one or small group tutoring within the classroom and access to Peer Literacy Mentor tutors outside the classroom. (Id.) In response to plaintiff's medical request, plaintiff was referred to optometry, but the appointment would not be completed within the 1824 timelines; therefore, the RAP response was finalized. (ECF No. 1 at 26.)

On November 17, 2022, plaintiff's appeal # 000000323127 in which he requested to be removed from the educational class was granted. (ECF No. 1 at 17.) The response stated plaintiff would be seen by the next available UCC to remove plaintiff and place him on the additional job assignment wait list. (Id.)

On November 22, 2022 grievance in which he claimed that he went through all the necessary steps to be unassigned from ABE II because plaintiff was suffering a lot of mental and emotional distress trying to do the classwork. (ECF No. 1 at 10.) Plaintiff wrote that before he sent his health care grievance to the headquarters level, he was partially granted to be left in school and be paid for his suffering and was still in school. The previous week plaintiff was called into the office and the counselors had a change of heart to unassign plaintiff from ABE II by committee action the next day, but plaintiff was still assigned on November 22, 2022, suffering due to their deliberate indifference to plaintiff's well-being. (ECF No. 1 at 12.) Plaintiff sought $50,000 for the cruel and unusual punishment. (Id.)

On January 19, 2023, an institutional level response issued in HDSP HC 22000514. (ECF No. 1 at 14.) The response noted plaintiff was enrolled in the Chronic Care Program and plaintiff had received evaluation and monitoring by his primary care provider for plaintiff's history of keratoconus.[1] (ECF No. 1 at 14-15.) During the grievance interview, plaintiff was informed that

---

[1] Keratoconus is defined as "[a] conic protrusion of the cornea caused by thinning of the stroma; usually bilateral." Stedmans Medical Dictionary 468240 (Nov. 2014).

his condition did not meet medical criteria for assignment changes. (ECF No. 1 at 15.) Plaintiff was advised that his concerns regarding work and education assignments are not health care services issues over which California Correctional Health Care Services ("CCHCS") has jurisdiction and instructed him to pursue concerns through appropriate custody channels at his institution. (Id.) On December 7, 2022, plaintiff was seen by his primary care physician who placed an order for a new ophthalmology consultation appointment[2] and Tylenol for plaintiff's headaches. (ECF No. 1 at 15.)

In his January 23, 2023 request for appeal of grievance HDSP HC 22000514, plaintiff claimed that despite his efforts he was left in school until he requested compensation, at which point plaintiff was immediately unassigned, demonstrating a disregard for plaintiff's pain and suffering. (ECF No. 1 at 11.)

On April 21, 2023, headquarters' level response issued on plaintiff's grievance HDSP HC 22000514. (ECF No. 1 at 6.) Of relevance, the reviewer found that plaintiff's request to be unassigned from ABE II is not a health care services issues over which California Correctional Health Care Services has jurisdiction, and plaintiff was advised to address such concerns through the appropriate custody channels at his institution. (ECF No. 1 at 7.)

Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to provide "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994)). The deprivation must be objectively "sufficiently serious," i.e., the defendant's acts or omissions must deprive an inmate of the "minimal civilized measure of life's necessities." Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). When a claim is based on a failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. To satisfy the subjective component, the defendant must act with deliberate indifference to inmate health or safety. Id. at 834-35. The defendant must be aware of facts from which the inference could be drawn that a substantial risk

---

[2] The appeal response stated that plaintiff refused an ophthalmology appointment on November 18, 2022. (ECF No. 1 at 15.)

of serious harm exists and must actually draw the inference.  Id. at 837.  Subjective knowledge of a risk may be inferred from the obviousness of the risk.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010); see Farmer, 511 U.S. at 842 & 843 n.8 ("a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious," but "the obviousness of a risk is not conclusive, and a prison official may show that the obvious escaped him").  Prison officials who actually knew of a substantial risk may be found free from liability if they responded reasonably to the risk.  Farmer, 511 U.S. at 844.

Viewing plaintiff's allegations and the attached exhibits in the light most favorable to him, it appears plaintiff may be attempting to allege that defendants knew of and disregarded a risk to his safety when they refused or failed to immediately remove him from ABE II.  See Farmer, 511 U.S. at 837; see also Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (in prison work context, the Eighth Amendment is implicated when prison official compels prisoner to perform labor that is beyond his strength, endangers his life or health, or causes undue pain).  However, plaintiff fails to allege facts demonstrating he faced an excessive risk to his safety, or that each defendant was aware of a substantial risk to his safety by his continued enrollment, particularly where the attachments to the complaint demonstrate that education was taking additional steps to accommodate plaintiff's visual disability.  Plaintiff's allegations as to defendants Brown and Baldwin are insufficient to state a cognizable claim.  Rather, their roles, as alleged by plaintiff appear to be more in the nature of supervisors.  In addition, it is unclear whether any of the named defendants had the authority to unassign plaintiff from ABE II.  Rather, it appears that only a UCC committee had such authority.

In addition, plaintiff does not allege that a medical professional informed plaintiff that reading would seriously harm plaintiff's eyes or that his eye condition precluded reading; rather, in an appeal, plaintiff related that it was his teacher who stated that squinting would harm plaintiff's eyes.  Indeed, during one grievance interview, plaintiff was informed that his condition did not meet medical criteria for assignment changes.  (ECF No. 1 at 15.)

Finally, the record is unclear whether plaintiff remains assigned to ABE II.  At the RAP hearing it appears that education was going to attempt to accommodate plaintiff's visual issues in

other ways rather than unassign plaintiff. Yet, in his grievance, plaintiff claims he was unassigned immediately once he sought monetary relief, and in grievance log #000000323127, plaintiff's request to be unassigned was granted, and he was to be removed from ABE II at the next available UCC. It is unclear whether plaintiff has had the UCC hearing yet.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

8

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff may ask the court to append to the amended complaint the exhibits previously provided with the original complaint.

By signing an amended complaint, plaintiff certifies he made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

////

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  June 29, 2023

/mcph0811.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. MCPHERSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. GREENE, CCI, et al.,<br><br>　　　　　　Defendants. | No. 2:23-cv-0811 KJN P<br><br>NOTICE OF AMENDMENT |

　　　Plaintiff submits the following document in compliance with the court's order

Filed _____.

_____　　　　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff